FILED
Montgomery Co. Circuit Court
4th Judicial Circuit
Date: 12/13/2019 3:28 PM
Clerk, U.S. District Court

E-FILED
Monday, 30 March, 2020
Clerk, U.S. District Court

Tilly Lemons

## IN THE CIRCUIT COURT OF THE 4ᵀᴴ JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ILLINOIS

| | | |
|---|---|---|
| ERIC CARRANZA, | ) | |
| | ) | |
| *Plaintiff,* | ) | 2019LM98 |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| BUTCH POOL | ) | Division: _____ |
| | ) | |
| and | ) | |
| | ) | |
| AARON ZEISLER, | ) | |
| | ) | |
| *Defendants.* | ) | |

### <u>COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff, Eric Carranza, by and through counsel, Daniel J. Rhoads of **THE RHOADS FIRM, LLC**, and for his cause of action against Defendants, Butch Pool and Aaron Zeisler, pleads the following facts upon his knowledge, information, and belief:

### Parties

1.      Eric Carranza is and at all times relevant to this Complaint was a U.S. citizen and a resident of St. Charles County, Missouri.

2.      Defendant Butch Pool, at all times relevant to this Complaint, was an Illinois State Police Trooper.

3.      Defendant Aaron Zeisler, at all times relevant to this Complaint, was an Illinois State Police Trooper.

### Jurisdiction and Venue

4.      The transactions out of which this action arose occurred in the County of Montgomery, State of Illinois.

<u>Facts</u>

5.      On December 15, 2018, Eric Carranza was driving in the State of Illinois within the scope of his employment with Sleep Number.

6.      Mr. Carranza was driving a Sleep Number commercial vehicle, northbound on Interstate 55 North through Montgomery County, in order to deliver beds to a customer.

7.      Defendant Pool stopped Mr. Carranza in order to inspect the commercial vehicle in accordance with Part 396 of Title 92 of the Illinois Administrative Code.

8.      Mr. Carranza promptly pulled over and cooperated completely with Defendant Pool. The full interaction was recorded via dash-cam video.

9.      After a brief interaction, Defendant Pool directed Mr. Carranza to relocate to a truck stop at the next exit.

10.     Mr. Carranza complied with Defendant Pool's direction, drove the commercial vehicle to the truck stop, parked, and awaited further instructions.

11.     After Mr. Carranza parked at the truck stop, Defendant Zeisler arrived on the scene.

12.     Defendants discovered and discussed a warrant which had been issued for Mr. Carranza, saying: "looks like he didn't take care of a ticket he got under 396 . . . failure to comply with Part 396, whatever that means."

13.     Within the next minute, the sound on the dash-cam was turned off.

14.     Defendants asked Mr. Carranza to exit the commercial vehicle, and he complied.

15.     Defendants notified Mr. Carranza of the warrant. Mr. Carranza replied that he was aware of a ticket he had received within the scope of his employment but that he was under the impression that his employer had dealt with the ticket.

16.     Defendants discussed the warrant with Mr. Carranza for approximately ninety seconds.

17.     Mr. Carranza substantially complied with all of Defendants' requests and merely asked to speak with his employer regarding the warrant. He kept his hands exposed while tucking his thumbs into his coat pockets, as it was cold in the middle of December.

18.     Without provocation, Defendant Pool grabbed Mr. Carranza, forced him to the ground face-down, causing Mr. Carranza's legs to fly up behind his back, and held him down with his knee in Mr. Carranza's back.  Mr. Carranza experienced pain as a direct result of the take-down.

19.     In no way did Mr. Carranza push back against or resist Defendants.

20.     The force used by Defendant Pool was unnecessary and excessive.

21.     Defendants took Mr. Carranza into custody and charged him with Resisting or Obstructing a Police Officer.

22.     On the police report, Defendants embellished and lied about Mr. Carranza's conduct, including but not limited to the following specifics:

    a.     overstating the number of times they "ordered" Mr. Carranza to put his hands behind his back before using physical force against him;

    b.     alleging that Mr. Carranza "began to look around" as "an indicator that he was planning a route to escape"; and

    c.     falsely stating that Mr. Carranza "pushed back and attempted to remain standing" when Defendant Pool used physical force against him.

23.     Based on Defendants' representations, the State's Attorney of Montgomery County charged Mr. Carranza with Resisting a Police Officer, Case No. 18-CM-405.

24.    As a result of the criminal charges, Mr. Carranza incurred attorney fees and had to miss work in order to attend court.

25.    On August 16, 2019, the State's Attorney of Montgomery County dismissed on his own motion Case No. 18-CM-405.

26.    As a further consequence of Defendants' illegal mistreatment by Defendants, Mr. Carranza has suffered emotional distress, humiliation, and loss of enjoyment of life.

<u>Count I – False Arrest</u>

27.    Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

28.    Defendants arrested Plaintiff for Resisting a Police Officer.

29.    Defendants did not have probable cause to arrest Plaintiff for Resisting a Police Officer.

30.    Defendants acted under color of law.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor on Count I, award Plaintiff such sum in excess of this Court's jurisdictional requisite as will reasonably and fairly compensate Plaintiff for all damages that Plaintiff has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct, and further award Plaintiff any additional relief that this Court deems just and proper.

<u>Count II – Malicious Prosecution</u>

31.    Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

32.    Defendants commenced an original criminal proceeding against Plaintiff for Resisting a Police Officer.

33.     The criminal proceeding was terminated in Mr. Carranza's favor.

34.     Defendants had no probable cause for the Resisting a Police Officer charges which they initiated.

35.     Defendants acted with malice in making false and misleading statements in the police report.

36.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor on Count II, award Plaintiff such sum in excess of this Court's jurisdictional requisite as will reasonably and fairly compensate Plaintiff for all damages that Plaintiff has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct, and further award Plaintiff any additional relief that this Court deems just and proper.

<u>Count III – Excessive Force Against Arrestee (Defendant Pool)</u>

37.     Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

38.     Defendant used excessive force against Plaintiff.

39.     Defendant acted under color of law.

40.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor on Count I, award Plaintiff such sum in excess of this Court's jurisdictional requisite as will reasonably and fairly compensate Plaintiff for all damages that Plaintiff has sustained and is

reasonably certain to sustain in the future as a direct result of Defendant's conduct, and further award Plaintiff any additional relief that this Court deems just and proper.

<u>Count IV – Conspiracy</u>

41.     Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

42.     Defendants combined together to violate Plaintiff's rights.

43.     Defendants acted for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means.

44.     Defendants committed overt tortious or unlawful acts in furtherance of accomplishing their purpose.

45.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor on Count IV, award Plaintiff such sum in excess of this Court's jurisdictional requisite as will reasonably and fairly compensate Plaintiff for all damages that Plaintiff has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct, and further award Plaintiff any additional relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED

_Daniel J. Rhoads_

Daniel J. Rhoads, 6297505
THE RHOADS FIRM, LLC
3703 Watson Rd.
St. Louis, MO 63109
(314) 225-8848
Fax: (314) 754-9103
therhoadsfirmllc@gmail.com
*Attorney for Plaintiff*