**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ERIC CARRANZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3087 |
| | ) | |
| BUTCH POOL and AARON ZEISLER, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This case is before the Court on Defendants Butch Pool and

Aaron Zeisler's Motion to Dismiss, d/e 6, pursuant to Federal Rule

of Civil Procedure 12(b)(6).   For the reasons that follow, the motion

is GRANTED IN PART AND DENIED IN PART.

**I. INTRODUCTION**

In December 2010, Plaintiff Eric Carranza filed a Complaint

against Defendants Butch Pool and Aaron Zeisler in the Circuit

Court of Montgomery County, Illinois.   On March 30, 2020,

Defendants filed a notice of removal, d/e 1, removing this case from

the circuit court pursuant to 28 U.S.C. § 1441(a).

Plaintiff brings federal and state claims against Defendants, who are two Illinois State Police Troopers.   Count I alleges false arrest, Count II alleges malicious prosecution, Count III alleges excessive force, and Count IV alleges conspiracy to violate Plaintiff's civil rights.   Defendants filed the instant Motion to Dismiss, seeking dismissal of Counts I, II, and IV of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint.   Christensen v. Cty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).   To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims.   Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor.   Id.

However, the complaint must set forth facts that plausibly demonstrate a claim for relief.   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).   A plausible claim is one that alleges facts from which the Court can reasonably infer that the defendants are liable for the misconduct alleged.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.   Id.

### III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from Plaintiffs' Complaint.   These facts are accepted as true at the motion to dismiss stage.   Tamayo, 526 F.3d at 1081.

On December 15, 2018, Plaintiff was driving a Sleep Number commercial vehicle in Illinois within the scope of his employment. Plaintiff was travelling northbound on Interstate 55 through Montgomery County when he was stopped by Defendant Pool in order to inspect the commercial vehicle.   Plaintiff promptly pulled over, and, after a brief interaction, Defendant Pool directed Plaintiff to relocate the vehicle to a truck stop at the next exit.   Plaintiff

complied with the direction and drove the vehicle to the truck stop.
Defendant Zeisler arrived on the scene after Plaintiff stopped at the
truck stop.

During the stop, Defendants discovered a warrant which had
been issued for Plaintiff's arrest.   Defendants asked Plaintiff to exit
the vehicle, which Plaintiff did.   Defendants then notified Plaintiff
of the warrant.   Plaintiff replied that he was aware of a ticket he
had received but he believed his employer had taken care of the
ticket.   Defendants discussed the warrant with Plaintiff for
approximately ninety seconds.   Plaintiff asked to speak with his
employer regarding the warrant.   Plaintiff tucked his thumbs into
his coat pockets while speaking to Defendants.   Defendant Pool
forced Plaintiff to the ground and held Plaintiff down with a knee,
causing him pain.

Defendants took Plaintiff into custody and charged him with
Resisting or Obstructing a Police Officer.   The State's Attorney of
Montgomery County initiated a prosecution of Plaintiff for Resisting
a Peace Officer in Case No. 18-CM-405.   As a result of the criminal
charges, Plaintiff incurred attorney's fees and had to miss work to

attend court.   On August 16, 2019, the State's Attorney of Montgomery County dismissed on his own motion Case No. 18-CM-405.

## IV. ANALYSIS

### A. Count I Fails to State a Claim for False Arrest

Defendants assert that Plaintiff fails to state a claim for false arrest because Plaintiff fails to allege that the arrest warrant discovered by Defendants during the stop was invalid.   Mem. Law Supp. Defs.' Mot. to Dismiss 4 (d/e 7).   Defendants further assert that Plaintiff fails to state a claim for false arrest for Resisting a Police Officer because the police reports and dash cam recording of the arrest show probable cause to arrest for that charge.   Id. Defendants assert that Plaintiff's refusal to fully remove his hands from his coat pockets and to place his hands behind his back when commanded to do so and Plaintiff's resistance to Defendants' take-down technique violated 720 ILCS 5/31-1(a), resisting a police officer.   Id. 5-7.

Defendants argue that the Court may properly consider the police reports and the dash cam video footage in conjunction with

the motion to dismiss without converting the motion to dismiss to a motion for summary judgment.   Id. at 5; see also Fed. R. Civ. P. 12(d).   In support of this argument, Defendants cite Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013), and Bogie v. Rosenberg, 705 F.3d 603, 608-09 (7th Cir. 2013).   In Williamson, though, the plaintiff attached to her complaint the police reports considered by the Court in connection with the motion to dismiss.   See Williamson, 714 F.3d at 436.   Likewise, in Bogie the plaintiff "incorporated the video recording into her original complaint both by reference and by physically attaching the video recording to the amended complaint."   Bogie, 705 F.3d at 608.   Plaintiff has not done so here.   While Plaintiff has referenced the police reports and video in his complaint, he has not attached them to his complaint, so the Court has not considered them in ruling on the motion to dismiss.

Plaintiff responds that the approximately ninety-second period of "non-violent objection" in which Plaintiff expressed his belief that his employer had taken care of the ticket that led to the issuance of the warrant was "insufficient to give rise to probable cause for an

Page **6** of **17**

arrest."   Pl.'s Mem. in Opposition to Defs.' Mot. to Dismiss 6

(quoting Skube v. Koester, 120 F. Supp. 3d 825, 831 (C.D. Ill.

2015)).   Plaintiff does not address the warrant.   Plaintiff states

that the basis of his claim for "[m]alicious prosecution is that

Defendants arrested him for Resisting a Police Officer, which they

knew he did not do."   Id. at 3 (internal citation omitted).   Plaintiff's

allegations of false arrest, then, pertain to the specific charge of

Resisting a Police Officer.

The existence of probable cause to arrest is an absolute

defense to any § 1983 claim against a police officer for false arrest.

Abbott v. Sangamon Cty., 705 F.3d 706, 713–14 (7th Cir. 2013)

(citing Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir.

2006)).   If probable cause exists at the time of arrest for a criminal

offense, then there is probable cause for the arrest, regardless of the

charges.   Devenpeck v. Alford, 543 U.S. 146, 153 (2004) (though no

probable cause existed to arrest for charged offense of taping

conversation, probable cause did exist for uncharged offense of

impersonating police officer).   Probable cause to believe that a

person has committed *any* crime will preclude a false arrest claim,

even if the person was arrested on additional or different charges

for which there was no probable cause.  See id.  "An arrested

individual is no more seized when he is arrested on three grounds

rather than one; and so long as there is *a* reasonable basis for the

arrest, the seizure is justified on that basis even if any other ground

cited for the arrest was flawed."  Holmes v. Vill. of Hoffman Estates,

511 F.3d 673, 682 (7th Cir. 2007) (citing Devenpeck, 543 U.S. at

153–55) (other citation omitted).

   The Court need not consider whether Plaintiff's arrest for

Resisting a Police Officer was committed without probable cause,

because, at the time Plaintiff was arrested, Defendants had

probable cause to arrest Plaintiff based on the outstanding warrant.

Under these circumstances, Plaintiff's remedy is a claim for

malicious prosecution—which Plaintiff has brought in his second

count and which the Court discusses below—not a federal

constitutional claim for false arrest under § 1983.   Because

Plaintiff does not allege that the warrant for his arrest was invalid,

he has not stated a claim for which relief can be granted in Count I.

**B. Count II States a Claim for Malicious Prosecution**

In Count II, Plaintiff alleges that Defendants caused him to be improperly subjected to judicial proceedings for which there was no probable cause.   Compl. ¶ 34.   Plaintiff alleges that Defendants "acted with malice in making false and misleading statements in the police report" resulting in the initiation of criminal charges for Resisting a Police Officer.   Id. at ¶ 35.   Plaintiff alleges that the judicial proceedings were instituted and continued maliciously, resulting in injury, and that such proceedings were ultimately terminated in Plaintiff's favor.   Id. at ¶¶ 33-36.

Defendants move to dismiss Count II, arguing that Plaintiff fails to state a claim for malicious prosecution.   Specifically, Defendants argue that Plaintiff has failed to show the criminal proceeding was terminated in Plaintiff's favor "for reasons consistent with his innocence," a required element in a malicious prosecution claim.   Mem. Law Supp. Defs.' Mot. to Dismiss 8. Citing the Illinois Supreme Court case Swick v. Liautaud, 662 N.E.2d 1238 (Ill. 1996), Defendants contend that Plaintiff must allege the reasons the case was dismissed *nolle prosequi* were for

reasons indicative of Plaintiff's innocence in order to allow an

inference that the proceeding was terminated in his favor.  Id. at 8-

9.

> In order to establish a malicious prosecution action, the
> plaintiff must allege facts showing: (1) the commencement
> or continuance of an original criminal or civil judicial
> proceeding by the defendant; (2) the termination of the
> proceeding in favor of the plaintiff; (3) the absence of
> probable cause for such proceeding; (4) the presence of
> malice; and (5) damages resulting to the plaintiff.  The
> absence of any one of these elements bars a plaintiff from
> pursuing the claim.  In regard to the second element, a
> malicious prosecution action cannot be predicated on
> underlying criminal proceedings which were terminated in
> a manner not indicative of the innocence of the accused.

Swick, 662 N.E.2d at 1242 (quoting Joiner v. Benton Cmty. Bank,

411 N.E.2d 229, 232 (Ill. 1980).  Swick sided with the majority rule

that a criminal proceeding is "terminated in favor of the accused

when a prosecutor formally abandons the proceeding via a *nolle*

*prosequi,* unless the abandonment is for reasons not indicative of

the innocence of the accused."  Id. at 1242-43 (citations omitted).

Swick stressed, however, that "[t]he burden of proof of a favorable

termination . . . remains with the plaintiff."  Id. at 1243.  "The

circumstances surrounding the abandonment of the criminal

proceedings must compel an inference that there existed a lack of

reasonable grounds to pursue the criminal prosecution." <u>Id.</u>; <u>see</u>

<u>also</u> <u>Ferguson v. City of Chicago</u>, 820 N.E.2d 455, 460 (Ill. 2004)

("We held [in <u>Swick</u>] that the bare fact that a case was terminated

was not sufficient to establish that the case was terminated

favorably for the plaintiff.   Rather, the plaintiff must show that the

prosecutor abandoned the case for reasons indicative for the

plaintiff's innocence.").

     Defendants correctly state Plaintiff's burden, but, in the

Court's view, the burden is one of proof, not pleading.   The same

federal notice pleading standard applies to the state claims in this

case.   <u>See</u> <u>Beanstalk Grp., Inc. v. AM Gen. Corp.</u>, 283 F.3d 856,

863 (7th Cir. 2002).   Plaintiff has given notice of his claim—the

*nolle prosequi* was a termination in his favor—and the factual

grounds upon which that claim rests—that the criminal charge was

false and lacked probable cause, similar to Swick's allegation that

the charges against him were *nolle-prossed* because of lack of

evidence.   <u>See</u> <u>Swick</u>, 662 N.E.2d at 1243.   The problem with the

plaintiff's case in <u>Swick</u> was that he did not prove his allegations at

Page **11** of **17**

trial.   At trial he offered only the *nolle prosequi* order, which gave

no reasons for its entry.[2]

In <u>Swick</u> the plaintiff was given an opportunity to discover

evidence to support his claim that the charges were dismissed

because of lack of evidence.   Plaintiff here has not had that

opportunity.   Cf. <u>Washington v. Summerville</u>, 127 F.3d 552, 558

(7th Cir. 1997) (malicious prosecution claim could not survive

summary judgment where state court transcripts did not support

allegation that *nolle prosequi* reflected innocence; "a bare nolle

prosse without more is not indicative of innocence").   While Plaintiff

likely already knows the circumstances of the *nolle prosequi* that

are in the public record, it is possible that discovery could uncover

evidence relating to the reason for its entry.

The Court did find one Illinois appellate case that "read[s]

<u>Swick</u> to mean that . . . [the plaintiff] was required to plead that the

circumstances surrounding the abandonment of the criminal

proceedings would compel an inference that a lack of reasonable

---

[2] <u>Swick</u> was remanded for a new trial on the malicious prosecution claim, since <u>Swick</u>'s holding was one of first impression.

grounds led to the dismissal of the criminal proceedings."   Allen v.
Berger, 784 N.E.2d 367, 372 (Ill. App. Ct. 2002).   The appellate
court in Allen reversed the dismissal of the malicious prosecution
claim, finding that a claim was stated by allegations that
defendants made knowingly false statements to the prosecuting
attorneys which resulted in indictment.   However, the Allen court
also found that the plaintiff had not plead enough to allow an
inference of favorable termination with his allegations that the
indictment was voluntarily dismissed and the prosecution was
"terminated in his favor."   Id.   The plaintiff was given leave to
replead on remand.

   Allen, though, applied state pleading standards, not federal.
Though Plaintiff's allegations are conclusory, the Court believes that
they are enough, under federal pleading notice standards, to
suggest Plaintiff's right to relief is plausible and enough for
Defendants to "begin to investigate and defend against" the claim.
Tamayo v. Blagojevich, 526 F.3d 1074, 1085 (7th Cir. 2008).   The
Court also believes that this conclusion is consistent with Swick, in
which the plaintiff was given an opportunity to present his

Page **13** of **17**

evidence, rather than being required to re-plead his case to include additional facts to support the favorable termination element.   See Swick, 662 N.E.2d at 1243; Cult Awareness Network v. Church of Scientology Int'l, 685 N.E.2d 1347, 1354 (Ill. 1997) (allegations that actions were terminated in favor of plaintiffs by summary judgment or dismissal sufficiently pled favorable termination; "Whether or not these dispositions ultimately are proved by plaintiff to be indicative of a lack of probable cause remains a question of fact which cannot be answered at this stage of the litigation."); Woodward v. Am. Family Mut. Ins. Co., 950 F. Supp. 1382, 1387 (N.D. Ill. 1997) (rejecting argument that plaintiff must plead facts to show the dismissal was entered "for reasons consistent with his or her innocence.   Not only would that run afoul of notice pleading principles, it would also, in essence, require a plaintiff to meet his or her burden of proof at the pleading stage.").   Accordingly, Plaintiff has stated a claim for malicious prosecution in Count II of his complaint.

## C. Count IV States a Claim for Conspiracy

In Count IV, Plaintiff alleges that "Defendants combined together to violate Plaintiff's rights."   Compl. ¶ 42; see also id. at ¶¶ 43-44.   Defendants move to dismiss Count IV, arguing that "[P]laintiff fails to allege, with specificity or otherwise, that the defendants had an agreement, express or implied, to deprive him of his constitutional rights."   Mem. Law Supp. Defs.' Mot. to Dismiss 11.

Under 42 U.S.C. § 1983, a conspiracy claim requires a plaintiff to establish: (1) an agreement or meeting of the minds between two or more defendants to violate the plaintiff's constitutional rights, and (2) an overt act in furtherance of the conspiracy which results in a violation of a federal constitutional right.   Reynolds v. Jamison, 488 F.3d 756, 764 (7th Cir. 2007).   Plaintiff is not required to make direct allegations of a conspiracy but can allege circumstances that add up to a "plausible account of conspiracy." Geinosky v. City of Chicago, 675 F.3d 743, 749 (7th Cir. 2012).   It is sufficient in pleading a conspiracy "merely to indicate the parties, general purpose, and approximate date, so that the defendant has

Page **15** of **17**

notice of what he is charged with." Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002).

Plaintiff has met this standard. Defendants argue that Plaintiff "does not allege that there was a mutual understanding between defendants to direct themselves toward an unconstitutional action, and he fails to allege any factual allegations which would suggest such a meeting of the minds." Mem. Law Supp. Defs.' Mot. to Dismiss 11. Plaintiff, however, is not required at this point in the pleading to make direct allegations of a conspiracy. Here, Plaintiff has sufficiently identified the parties, purpose, and approximate date of the agreement to form a conspiracy clear to put the Defendants on notice of the charges.

As an initial matter, Plaintiff has identified the parties involved—Defendants Pool and Zeisler. The purpose of the conspiracy was to have Plaintiff prosecuted for a crime that he did not commit. Plaintiff alleges that Defendants together "took [Plaintiff] into custody and charged him with Resisting or Obstructing a Police Officer" and that Defendants each "embellished and lied about [Plaintiff's] conduct" in the reports they prepared.

Page **16** of **17**

Compl. ¶¶ 21-22.   Finally, Plaintiff has sufficiently identified the approximate date of the agreement to form a conspiracy, beginning on the date of the traffic stop and continuing through the preparation of the police reports and the filing of criminal charges against Plaintiff.   These circumstances add up to a "plausible account of conspiracy."   See Geinosky, 675 F.3d at 749. Accordingly, Plaintiff states a claim for conspiracy to violate his civil rights in Count IV.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (d/e 6) is GRANTED IN PART AND DENIED IN PART.   Count I of Plaintiff's Complaint is dismissed.   Defendants are directed to answer Counts II and IV by and including April 5, 2021.

ENTER: March 22, 2021

FOR THE COURT:

/s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE